CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 17 2022

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

|  |  |  |
|---|---|---|
| **MARY JO SMOLINSKI, et al.,** | ) | |
| | ) | **Case No. 4:22-CV-16** |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **By: Michael F. Urbanski** |
| | ) | **Chief United States District Judge** |
| **ANGELA HAMLETT, et al.** | ) | |
| **Defendants** | ) | |

## MEMORANDUM OPINION

Plaintiffs Mary Jo Smolinski and Cindy Evans Dean, proceeding pro se, commenced this action by filing a form Complaint for a civil case against Angela Hamlett, Felicia Johnson, and Hailey Tiller. The plaintiffs have not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of his complaint. For the following reasons, the court concludes that the case must be dismissed without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3).

Plaintiff Smolinski lives in Danville, Virginia and plaintiff Dean lives in Sutherlin, Virginia. They claim that defendants, along with two other people, Gregory Casker and William Myers, illegally removed a minor, K.S., from the custody of Smolinksi, who is her maternal grandmother and legal guardian. The relationship of plaintiff Dean to K.S. is unclear. Based on a summons filed with the plaintiffs' complaint, it appears that K.S. was removed from Smolinski's custody by the Pittsylvania County Juvenile and Domestic Relations District Court, following a petition filed by the Commonwealth of Virginia. ECF No. 2-2. The

summons alleged that K.S. was living in an unsuitable environment and that her wellbeing and physical safety were threatened. K.S. and "the persons having his or her custody and control" were summoned to appear before the court. Id. The summons is dated June 1, 2021. Id. It is unclear whether plaintiffs have sought the return of K.S. in state court proceedings.

Plaintiffs seek an immediate order returning K.S. to Smolinski's custody and also seek damages in the amount of $250,000 for each of them. ECF Nos. 1, 3-2. They allege that K.S. should not have been removed from the home because she was not in immediate danger and that no other conditions for removal existed.

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In evaluating plaintiffs' pro se complaint, the court must construe the complaint liberally, holding it to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, to survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "Accordingly, questions of subject-matter

jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

Federal district courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case can be filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

Having reviewed the complaint, the court concludes that it must be dismissed. The form complaint invokes federal question jurisdiction. However, even under the most liberal construction, plaintiffs fail to state a plausible claim under any federal statutory or constitutional provision. Plaintiffs allege that K.S. was removed without good cause from Smolinski's home via a petition filed by the Commonwealth of Virginia and they seek an order returning her to Smolinski's custody. These factual allegations are insufficient to invoke federal jurisdiction or to state a claim under federal law. Nor does there appear to be diversity jurisdiction as it appears that all parties reside in Virginia.

Alternatively, if plaintiffs have sought and been denied custody of K.S. in state court, this court lacks jurisdiction under the Rooker-Feldman doctrine.[1] Under the Rooker-Feldman doctrine, federal district courts do not have subject matter jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before

---

[1] The Rooker-Feldman doctrine is named after two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005).

Having determined that the complaint fails to state a claim under federal law and that diversity and subject matter jurisdiction are lacking, it follows that the case must be dismissed. For the reasons stated, the court **GRANTS** plaintiffs' motion to proceed in forma pauperis, ECF No. 1, **DISMISSES without prejudice** plaintiffs' complaint against defendants, and **DENIES without prejudice** their request for injunctive, ECF No. 3.

An appropriate order will be entered.

Entered: March 17, 2022

*Michael F. Urbanski*

Michael F. Urbanski
Chief United States District Judge